IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **Criminal No. 05-69** |
| | ) | **Electronically Filed** |
| KEVIN ALAN BONNER | ) | |

**MEMORANDUM ORDER RE: DEFENDANT'S MOTION FOR RETROACTIVE APPLICATION OF SENTENCING GUIDELINES TO CRACK COCAINE OFFENSE 18 U.S.C. § 3582 (DOC. NO. 65)**

Presently before this Court is Defendant, Kevin Alan Bonner's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense pursuant to 18 U.S.C. § 3582. Doc. No. 65. Defendant was sentenced before this Court on April 28, 2006 to a term of imprisonment of 180 months for the possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Doc. No. 52. Defendant's present Motion argues that his sentence should be reduced because the United States Sentencing Commission (as approved by Congress and made retroactive effective March 3, 2008) amended the United States Sentencing Guidelines, §2D1.1 to decrease the offense levels applicable to specific weights of cocaine base. Doc. No. 65.

Defendant's original guidelines sentencing range was 262 to 327 months imprisonment based in part upon his status as a "career offender."[1] At sentencing and based upon the entirety of the circumstances, this Court found that Defendant's classification as a "career offender" was "at least somewhat overstated" and the "100 to 1 crack to powder cocaine sentencing disparity is a factor" that was considered. Doc. No. 50, 3. Therefore, using the guidelines sentencing range

---

[1] If Defendant had not been classified as a "career offender" he would have faced an advisory guidelines range of 84 to 105 months. PSR § 10.

based upon Defendant's "career offender" status, the Court varied from the guidelines range and sentenced Defendant to 180 months.

A District Court is authorized to reduce a sentence previously imposed when: (1) the defendant's initial sentence is "based on" a sentencing range that has been lowered by the United States Sentencing Commission and (2) the sentence reduction is consistent with the United States Sentencing Commission's applicable policy statement. *United States v. Doe*, 564 F.3d 305, 309, *cert. denied*, 130 S.Ct. 563 (2009). Here, Defendant's initial sentence was "based on" a sentencing range reflecting his status as a "career offender" and not based upon the guidelines that were subsequently modified to reflect the disparity between crack and powder cocaine. Doc. No. 50. Therefore, Defendant's initial sentence will not be reduced. *See United States v. Mateo*, 560 F.3d 152, 155 (3d Cir. 2009).

AND NOW, this 10th day of November 2011, IT IS HEREBY ORDERED that Defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense pursuant to 18 U.S.C. § 3582 (Doc. No. 65) is **DENIED**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties